## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CRYSTAL FIFER,

           Plaintiff,

                                   Case No. 14-14584

v.                                    Hon. Gerald E. Rosen

                                   Magistrate Judge R. Steven Whalen

COMMISSIONER OF
SOCIAL SECURITY,

           Defendant.

_____/

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on           April 11, 2016

PRESENT:     Honorable Gerald E. Rosen
                     United States District Judge

On February 28, 2016, Magistrate Judge R. Steven Whalen issued a Report

and Recommendation ("R & R") recommending that the Court deny Plaintiff

Crystal Fifer's motion for summary judgment and grant the Defendant

Commissioner of Social Security's motion for summary judgment. Plaintiff filed

objections to the R & R on March 11, 2016. Upon reviewing the R & R,

Plaintiff's objections, the parties' underlying motions for summary judgment, and

the record as a whole, the Court overrules Plaintiff's objections and adopts the R

& R in its entirety.

Plaintiff's three objections to the R & R largely reiterate the principal argument advanced in her underlying motion for summary judgment — namely, that the Administrative Law Judge ("ALJ") erred in discounting the opinions of various medical professionals who treated her during the relevant period.  In particular, while Plaintiff argued in her summary judgment motion that the ALJ erred in assessing the opinions of five such medical professionals, she focuses on three of these treating sources in her objections to the R & R:  (i) psychiatric nurse practitioner Jennifer Kreiner, (ii) social worker Cara Schade, and (iii) neurosurgeon David D. Udehn, M.D.  Repeating the same argument almost verbatim in support of each of her three objections, Plaintiff contends that the ALJ failed to provide the requisite "good reasons" or discuss the relevant factors that led her to discount the opinions of these three medical professionals.  To the extent that the Magistrate Judge conducted an appropriate analysis of these opinions in the R & R, Plaintiff suggests that this is impermissible *post hoc* reasoning that cannot overcome the purported defects in the ALJ's decision.

Turning first to the ALJ's evaluation of the November 10, 2011 mental residual functional capacity ("RFC") assessment performed by nurse practitioner Jennifer Kreiner, Plaintiff points to Sixth Circuit decisions purportedly holding

2

that the ALJ was required to give "good reasons" for discounting Ms. Kreiner's opinion.  (*See* Plaintiff's 3/11/2016 Objections at 4 (citing *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 242 (6th Cir. 2007); *Smith v. Commissioner of Social Security,* 482 F.3d 873, 875 (6th Cir. 2007)).)  Plaintiff further contends that the ALJ was required under Social Security Ruling ("SSR") 06-03p to address a number of specific factors in determining the weight to be given to Ms. Kreiner's assessment of Plaintiff's mental RFC.  (*See* Plaintiff's 3/11/2016 Objections at 4-5.)

This procedural challenge to the ALJ's decision, however, ignores the important distinction in the pertinent Social Security regulations and case law between "acceptable medical sources" and other practitioners who provide medical treatment to a claimant.  As correctly observed in the R & R, Ms. Kreiner, as a nurse practitioner, does not qualify as an "acceptable medical source" under 20 C.F.R. § 404.1513(a).  (*See* R & R at 24-25.)  Accordingly, the cases cited by Plaintiff are inapposite, as their recognition of an ALJ's obligation to provide "good reasons" and to evaluate medical opinions by resort to the factors specified in 20 C.F.R. § 404.1527(c) is limited to the context of opinions from acceptable medical sources.  *See Cole v. Astrue,* 661 F.3d 931, 938 (6th Cir. 2011) (holding that an ALJ erred in "fail[ing] to conduct the balancing of [§ 404.1527(c)] factors

3

to determine what weight should be accorded" to the opinion of the plaintiff's treating psychiatrist); *Smith,* 482 F.3d at 875 (explaining that under § 404.1527(c)(2), "[c]laimants are entitled to receive good reasons for the weight accorded" the opinions of their treating physicians).[1]

To be sure, the Magistrate Judge explained that even though Ms. Kreiner does not qualify as an "acceptable medical source," her opinion nonetheless was "entitled to consideration" by the ALJ. (R & R at 25 (quoting *Cole,* 661 F.3d at 939).) Similarly, the Social Security ruling cited by Plaintiff — and also discussed at length by the Magistrate Judge, (*see* R & R at 25) — states that "[a]lthough the factors in 20 CFR 404.1527[(c)] . . . explicitly apply only to the evaluation of opinions from 'acceptable medical sources,' these same factors can be applied to opinion evidence from 'other sources.'" SSR 06-03p, 2006 WL 2329939, at *4 (Aug. 9, 2006). This same ruling emphasizes, however, that "[n]ot every factor for weighing opinion evidence will apply in every case," and that "[t]he evaluation of an opinion from a medical source who is not an 'acceptable medical source'

---

[1]The Court notes that *Cole* and *Smith* cite to 20 C.F.R. § 404.1527(d), rather than § 404.1527(c), as the source of the "good reasons" requirement and the factors governing the determination of the weight to be given to medical opinions. After these decisions were issued, § 404.1527 was amended to remove paragraph (c) and redesignate paragraphs (d) through (f) as (c) through (e). *See* 77 Fed. Reg. 10651, 10656 (Feb. 23, 2012).

4

depends on the particular facts in each case," including consideration of "the probative value of the opinion[] and a weighing of all the evidence in that particular case." 2006 WL 2329939, at *5. Thus, as one court has observed, the opinion of a medical professional who does not qualify as an "acceptable medical source" is "not entitled to any particular weight," and the requirement under the Social Security regulations and case law that an ALJ must "consider" such an opinion "is not a demanding standard." *Lester v. Commissioner of Social Security,* No. 1:14-270, 2015 WL 869257, at *5 (W.D. Mich. Feb. 27, 2015).

The Court agrees with the Magistrate Judge that the ALJ's assessment of Ms. Kreiner's opinion fully comported with this standard. As explained in the R & R, the ALJ plainly considered Ms. Kreiner's opinion, as she "discussed [Ms.] Kreiner's findings of moderate and marked psychological limitation[s] in detail." (R & R at 25 (citing Admin. Record ("AR") at 49).) In addition, while the ALJ used somewhat formulaic and non-specific language to explain her decision to accord only "limited weight" to Ms. Kreiner's assessment — stating, in particular that "the medical evidence of record, including objective findings and the longitudinal treatment record, does not support the extent of Ms. Kreiner's assessed limitations," (AR at 49) — the Magistrate Judge aptly observes that this explanation must be viewed against the backdrop of "a[n] exhaustive, nine-page

5

discussion of the treating records" that preceded it.  (R & R at 26.)

Upon surveying this record, the Magistrate Judge concluded that it contains substantial evidence in support of the ALJ's decision to give limited weight to Ms. Kreiner's assessment of Plaintiff's psychological limitations.  (*See* R & R at 26.) Plaintiff does not contest this finding, but instead argues only that the Magistrate Judge's substantial evidence inquiry is an impermissible "*post hoc* rationalization" of the ALJ's decision.  (Plaintiff's 3/11/2016 Objections at 4.)  As explained, however, this procedural challenge to the ALJ's evaluation of Ms. Kreiner's opinion lacks merit, as it rests upon the false premise that this opinion is subject to the same standards as an opinion offered by an "acceptable medical source." Finally, while Plaintiff complains of the ALJ's decision to discount Ms. Kreiner's opinion as given "in the form of a checklist, which is not as persuasive as an in-depth written analysis that discusses the basis behind the opinion," (AR at 49), the Sixth Circuit has recognized that an ALJ may properly "take into consideration the format of a medical opinion," and may choose to give less weight to a "checklist opinion" that does not "provide an explanation" for a medical professional's findings.  *Kepke v. Commissioner of Social Security,* No. 15-1315, __ F. App'x __, 2016 WL 124140, at *4 (6th Cir. Jan. 12, 2016).

The foregoing analysis largely resolves Plaintiff's next objection, in which

6

she challenges the ALJ's assessment of the March 28, 2013 opinion of social

worker Cara Schade. Because Ms. Schade, like Ms. Kreiner, is not deemed an

"acceptable medical source" under 20 C.F.R. § 404.1513(a), (*see* AR at 50), the

Court again rejects Plaintiff's procedural challenge to the ALJ's evaluation of Ms.

Schade's opinion. In addition, Plaintiff takes issue with the ALJ's decision to

discount Ms. Schade's opinion as "internally inconsistent," (*id.*), but she fails to

identify any flaw in the Magistrate Judge's treatment of this challenge, (*see* R & R

at 27). Moreover, the ALJ observed that Ms. Schade's opinion, like Ms.

Kreiner's, was given "in the form of a checklist," (AR at 50), and the Court has

explained that this is an appropriate basis for discounting a medical opinion.[2]

Finally, the Magistrate Judge has identified substantial evidentiary support for the

ALJ's finding that Ms. Schade's assessment of Plaintiff's limitations lacked

support in the medical record, (*see* R & R at 27), and Plaintiff does not challenge

this point in her present objections.

    This leaves only Plaintiff's objection that the Magistrate Judge erred in

upholding the ALJ's evaluation of two opinions given by Plaintiff's treating

---

[2]Indeed, as noted in the Defendant Commissioner's underlying motion for summary judgment, the assessment form completed by Ms. Schade invited her to "identify supportive medical findings" or to "attach pertinent clinical notes or test results," (AR at 651-52), but she did neither.

neurosurgeon, Dr. David D. Udehn, in September and October of 2011.

Specifically, Dr. Udehn opined that Plaintiff could not sit for more than 15

minutes per hour, needed to lie down 20 minutes per hour, and should remain "off

work," (AR at 413, 416), but the ALJ assigned "limited weight to this

assessment," explaining that it was "not supported by the weight of the medical

evidence of record, including objective examination findings and diagnostic

imaging studies," which the ALJ had described earlier in her decision, (AR at 50).

Plaintiff again objects that this evaluation was procedurally deficient, and that the

Magistrate Judge's effort to shore up the ALJ's purportedly deficient assessment

of Dr. Udehn's opinions is an impermissible *post hoc* rationalization of the ALJ's

conclusory findings.

Here, at least, the procedural requirements cited in Plaintiff's objections are

fully applicable, since Dr. Udehn plainly qualifies as an "acceptable medical

source" under 20 C.F.R. § 404.1513(a).  More specifically, because Dr. Udehn

was Plaintiff's "treating neurosurgeon," (AR at 50), the ALJ was obligated to give

his opinions "controlling weight" so long as they were "well-supported by

medically acceptable clinical and laboratory diagnostic techniques" and were "not

inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. §

404.1527(c)(2); *see also Gayheart v. Commissioner of Social Security,* 710 F.3d

365, 376 (6th Cir. 2013).  In addition, if the ALJ declined to give controlling weight to Dr. Udehn's opinions, the weight of these opinions was to be determined by reference to "the length, frequency, nature, and extent of the treatment relationship, as well as the treating source's area of speciality and the degree to which the opinion[s] [were] consistent with the record as a whole and [were] supported by relevant evidence." *Gayheart,* 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)-(6)).  Finally, the ALJ was "required to provide 'good reasons' for discounting the weight given to" Dr. Udehn's opinions.  *Gayheart,* 710 F.3d at 376 (quoting § 404.1527(c)(2)).

The Court recognizes the force of Plaintiff's objections that the ALJ offered only a cursory explanation of her decision to give little weight to Dr. Udehn's September and October 2011 opinions, and that she failed to expressly address each of the factors set forth in § 404.1527(c)(2)-(6) or specify the medical evidence that she deemed inconsistent with Dr. Udehn's opinions.  Nonetheless, the Court agrees with the Magistrate Judge that these deficiencies do not provide a sufficient basis for overturning the ALJ's decision.  First, the Magistrate Judge correctly observes that Plaintiff presented only an "undeveloped argument" on this point in her underlying motion for summary judgment, (R & R at 28), asserting in a wholly conclusory fashion that the ALJ "failed to provide any 'good reasons' for

rejecting Dr. Udehn's opinions" and likewise "failed to assess the factors from 20

C.F.R. 1527(c)(2)(i) and (ii) and (c)(3) through (6) in determining the weight to be

given to Dr. Udehn's opinions," (Plaintiff's 6/1/2015 Motion for Summary

Judgment, Br. in Support at 15).  This undeveloped argument arguably operated as

a waiver of this challenge, *see Dillery v. City of Sandusky,* 398 F.3d 562, 569 (6th

Cir. 2005), and objections to the R & R do not serve as an opportunity for Plaintiff

to improve upon the cursory treatment of this issue in her summary judgment

motion, *see Whittum v. Saginaw County,* No. 02-10313, 2005 WL 3271810, at *4

(E.D. Mich. Nov. 22, 2005) ("The Magistrates Act was not intended to give

litigants an opportunity to run one version of their case past the magistrate, then

another past the district court." (internal quotation marks and citation omitted)).

        In any event, the ALJ did provide an explanation — albeit one lacking in

detail — for her decision to give only limited weight to Dr. Udehn's opinions, and

the Court again agrees with the Magistrate Judge that this reasoning is supported

by substantial evidence in the record.  Specifically, the ALJ found that Dr.

Udehn's opinions were "not supported by the weight of the medical evidence of

record, including objective examination findings and diagnostic imaging studies."

(AR at 50.)  As observed by the Magistrate Judge, this medical record, as

extensively surveyed by the ALJ earlier in her decision, included (i) Dr. Udehn's

own treatment notes from April of 2011, which disclosed "a normal gait, station, and range of motion," and also mentioned a recent MRI showing that Plaintiff's "lumbar spine condition was stable since an earlier study," (R & R at 28 (citing AR at 35)), and (ii) evidence that "Plaintiff exhibited a steady gait in October and December, 2011 and in March, May, November, and December, 2012," (R & R at 28-29 (citing AR at 36)).  In her objections, Plaintiff does not dispute the Magistrate Judge's reading of this medical record as providing substantial evidentiary support for the ALJ's decision to discount Dr. Udehn's opinions, but instead pursues only a purely procedural challenge to the ALJ's decision.[3]

Finally, it bears emphasis that the opinions offered by Dr. Udehn were quite narrow in scope.  In his notes from Plaintiff's office visits in September  and October of 2011, Dr. Udehn devoted several paragraphs to Plaintiff's subjective reports of her back condition, briefly summarized the (unremarkable) results of his examinations of Plaintiff, and then concluded with some (non-aggressive)

_____

[3]In her underlying summary judgment motion, by contrast, Plaintiff did endeavor to show that Dr. Udehn's opinions were "fully supported by his clinical treatment record." (Plaintiff's 6/1/2015 Motion for Summary Judgment, Br. in Support at 14.)  The medical evidence cited in support of this argument, however, merely establishes that Plaintiff suffered from a back condition, (*see id.*), and the ALJ recognized that Plaintiff had the severe impairment of degenerative disc disease with radiculopathy, (*see* AR at 26). Plaintiff fails to explain how this record provides support for the specific restrictions imposed in Dr. Udehn's opinions.

11

treatment recommendations and a terse "[n]ote" that Plaintiff should sit for "no . . . more than 15 minutes every hour, must lie down 20 min/hour," and should be "off work." (AR at 413, 416.) As noted in the Defendant Commissioner's underlying summary judgment motion, nothing in the medical record, apart from Plaintiff's own subjective complaints, indicates that she experienced any difficulty sitting, nor did Dr. Udehn point to any objective medical findings or diagnostic test results as support for his opinions that Plaintiff could sit no more than 15 minutes per hour and had to lie down for 20 minutes each hour. Rather, it appears that these opinions were based "on Plaintiff's own report that sitting increased her pain," (Defendant's 8/31/2015 Motion for Summary Judgment, Br. in Support at 24), and it is well-settled that a physician's statement that "merely regurgitates [a claimant's] self-described symptoms" is "not a 'medical opinion' at all." *Francis v. Commissioner, Social Security Administration,* No. 09-6263, 414 F. App'x 802, 804 (6th Cir. March 16, 2011); *see also Kepke,* __ F. App'x at __, 2016 WL 124140, at *4 (holding that an ALJ "properly discounted" the opinion of a treating physician "because it relied heavily on [the plaintiff's] self-reporting"). Accordingly, even if the ALJ deviated to some extent from the procedures set forth in the Social Security regulations for weighing the opinion of a treating physician, the Court would find that any such error was harmless, where nothing

12

in the medical record indicates that the limitations stated in Dr. Udehn's

September and October 2011 office notes were the product of objective medical

findings or "medically acceptable clinical and laboratory diagnostic techniques,"

20 C.F.R. § 404.1527(c)(2), and where the ALJ did consider and discuss the

evidence of Dr. Udehn's examination and treatment of Plaintiff, (*see* AR at 36),

along with the remainder of the voluminous medical record, in assigning weight to

the opinions of Dr. Udehn and several other medical professionals, formulating

Plaintiff's RFC, and determining that she was not disabled.  *See Francis,* 414 F.

App'x at 805 (finding that an ALJ's noncompliance with the treating-source rule

set forth in § 404.1527(c)(2) may be excused as harmless, so long as the ALJ's

decision "has met the goal of" this provision by "permit[ting] the claimant and a

reviewing court a clear understanding of the reasons for the weight given a

treating physician's opinion" (internal quotation marks and citations omitted)).

    For these reasons,

    NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's March 11,

2016 objections (docket #24) to the Magistrate Judge's R & R are OVERRULED,

and that the Magistrate Judge's February 28, 2016 Report and Recommendation

(docket #23) is ADOPTED as the opinion of this Court.  IT IS FURTHER

ORDERED, for the reasons stated in the R & R as supplemented by the rulings in

the present opinion and order, that Plaintiff's June 1, 2015 motion for summary

judgment (docket #16) is DENIED, and that Defendant's August 31, 2015 motion

for summary judgment (docket #22) is GRANTED.


s/Gerald E. Rosen
United States District Judge

Dated:  April 11, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 11, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135